UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SYLVESTER SAM DAVE<br><br>    Defendant. | NO. CR-99-2067<br><br>**ORDER DENYING DEFENDANT'S RULE 35 MOTION TO RECONSIDER THE SENTENCE** |

Before the Court, without oral argument, is Defendant Sylvester Sam Dave's Rule 35 Motion to Reconsider the Sentence. (Ct. Rec. 113.) After reviewing the submitted material and relevant authority, the Court is fully informed and denies Defendant's motion. The reasons for the Court's Order are set forth below.

## I. Background

On August 12, 1999, Defendant pleaded guilty to Aggravated Sexual Abuse of a Minor, violating Title 18, United States Code §§ 1153 and 2241(c) (Ct. Rec. 32) and was sentenced to eighty-seven (87) months imprisonment, five (5) years supervised release, no fine, and $1,566.16 in restitution (Ct. Rec. 42).

ORDER ~ 1

On September 14, 2007, an arrest warrant was issued for Defendant because he allegedly committed nine (9) supervised release violations. (Ct. Rec. 99.) Defendant appeared before the Court on November 20, 2007, and admitted to four (4) violations, including testing positive for cocaine. Both Plaintiff and Defendant agreed that twenty-four (24) months imprisonment was appropriate so that Defendant would be eligible to participate in the Bureau of Prison's ("BOP") Residential Drug and Alcohol Program ("RDAP").

The Court explicitly questioned counsel whether twenty-four (24) months imprisonment would be a sufficient length of time for Defendant to qualify for and complete the BOP's RDAP; defense counsel responded she was "pretty confident" twenty-four (24) months would be sufficient. The Court then informed Defendant that, while it is clear he desperately needs treatment, the Court did not want to inflict a greater punishment than necessary based on defense counsel's mistaken belief that he would qualify for RDAP with a twenty-four (24) month sentence. Here the Court's implied concern was that additional imprisonment carried the risk of assault by other inmates due to the nature of Defendant's original crime and physical stature.

After the supervised release revocation hearing, Defendant filed the motion now before the Court, entitled "Rule 35 Motion to Reconsider the Sentence." (Ct. Rec. 113.)

After receiving Defendant's motion, the Court requested that United States Probation Officer Jose Vargas contact the federal prison in Sheridan, Oregon; he was advised that prisoners serving twenty-four (24) months at Sheridan were highly likely to be admitted to RDAP.

## II. Discussion

Defendant argues that (1) while he is technically eligible for the BOP's RDAP, a BOP information specialist recently informed defense counsel that twenty-four (24) months imprisonment may be an insufficient amount of time for Defendant to be admitted into the RDAP; and (2) the Court improperly sentenced him to twenty-four (24) months imprisonment because 18 U.S.C. § 3582(a) prohibits sentencing judges from imposing sentence lengths to allow for rehabilitation. (Ct. Rec. 114 at 2-3.) The Government responds that correcting the sentence is unnecessary because there is no clear error. (Ct. Rec. 118.)

Federal Rule of Criminal Procedure 35 governs correcting sentences and states, in pertinent part:

> (a) **Correcting Clear Error**. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

FED. R. CRIM. P. 35(a).

### A. Motion Type

As an initial matter, Defendant's motion as styled is unknown to the Court; the Court nevertheless construes it as a notice that it might have committed a technical and/or clear error when sentencing Defendant.[1]

---

[1] In *United States v. Jimenez,* 2007 Lexis 46155 (E.D. Cal. June 26, 2007), the court held, *inter alia,* that Federal Rule of Criminal Procedure 35 only provides sentence relief upon the Government's motion or a *sua sponte* motion by the Court. The Court respectfully disagrees; counsel are encouraged to bring to the Court's attention any technical or clear error that requires Court action under Rule 35.

ORDER ~ 3

**B. Timing**

Defendant was sentenced on November 20, 2007. (Ct. Rec. 110.) As stated, a Court must correct a clear sentencing error within seven days (excluding, under Federal Rule of Criminal Procedure 45(a), weekends and holidays). FED. R. CRIM. P. 35(a) & 45(a). Accordingly, the Court has until November 30, 2007, to take action under Federal Rule of Criminal Procedure 35.

**C. Clear Error**

In support of his argument that the Court improperly sentenced Defendant, Defendant relies exclusively on *United States v. Manzella,* 475 F.3d 152, 162 (3d Cir. 2007), which states, "18 U.S.C. § 3582(a) prohibits a sentencing court from effecting the rehabilitative goals of 18 U.S.C. § 3553(a)(2)(D) either in sentencing or, if a term of imprisonment is otherwise to be imposed, in determining the length of that term."

Defendant's reliance on *Manzella,* however, is misplaced. *Manzella* involved a sentencing court considering rehabilitative goals such as the BOP's RDAP when determining the defendant's *initial* sentence. 475 F.3d at 155. This is separate from and different than a sentencing court considering rehabilitative goals when revoking a defendant's supervised release. In fact, the Second, Tenth, and Eleventh Circuits have held that sentencing courts can consider rehabilitative goals to determine the length of the sentence to impose following revocation of supervised release because the revocation of supervised release is governed by 18 U.S.C. §§ 3583(e) and (g), which mandate consideration of § 3553(a), but not § 3582(a). *See United States v. Anderson,* 15 F.3d 278

ORDER ~ 4

(2d. Cir. 1994) (recognizing that rehabilitative needs will bear on the length of incarceration following permissive revocation of supervised release); *United States v. Tsosie,* 376 F.3d 1210 (10th Cir. 2004) (holding that Congress intended § 3582(a)'s limitations to apply only when a court is initially imposing a sentence); *United States v. Brown,* 224 F.3d 1237 (11th Cir. 2000) (finding that § 3582(a)'s prohibitions apply to an initial sentencing but not probation and supervised release).[2]

---

[2] The Ninth Circuit has held, contrary to the Second, Third, and Eleventh Circuits, that § 3582 does not prohibit a sentencing court from considering rehabilitation in determining the length of imprisonment once imprisonment is chosen as a punishment. *United States v. Duran,* 37 F.3d 557 (9th Cir. 1994). *Manzella* criticizes *Duran* because *Duran* is based on a textual analysis of § 3582, and "the plain language of § 3582(a) in fact *does* extend its prohibition to a court's determination of "the length of the sentence." 475 F.3d at 159; *see* 18 U.S.C. § 3582(a) ("The court, in determining whether to impose a term of imprisonment, *and, if a term of imprisonment is to be imposed, in determining the length of the term,* shall consider the factors set forth in section 3553(a) . . . recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." (emphasis added)). Whatever the merits of *Duran's* § 3582 textual analysis, its holding is inapplicable here because it involved an initial sentencing, not a revocation of supervised release. 37 F.3d at 559.

ORDER ~ 5

Because § 3582(a) does not apply to permissive revocation of supervised release, it was permissible for the Court to consider Defendant's rehabilitative needs in imposing a twenty-four (24) month sentence.  To be sure, the Court recognizes that admission to the RDAP is within the BOP's discretion.  But the Court imposed a sentence outside the four (4) - ten (10) month guideline range primarily because it believed there was a high probability that Defendant would be admitted to RDAP, a program he desperately needs.

In arriving at a twenty-four (24) month sentence, the Court weighed Defendant's serious need for an alcohol treatment program against his risk of being assaulted by other inmates due to the nature of his original crime and physical stature.  With a high probability that Defendant will be admitted to RDAP if he is placed at an eligible facility, the former consideration prevails.  The Court concludes it did not commit clear error in sentencing Defendant to twenty-four (24) months imprisonment.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Expedited Hearing and to Shorten Time on Notice on Motion to Correct Under Rule 35 **(Ct. Rec. 115)** is **GRANTED.**

2. Defendant's Rule 35 Motion to Reconsider the Sentence **(Ct. Rec. 113)** is **DENIED.**

3. The Court treats Defendant's motion as notice of a Rule 35 error, *sua sponte* considers Defendant's twenty-four (24) month sentence in prison, and concludes it did not commit clear error.

ORDER ~ 6

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel, the U.S. Probation Office, and the U.S. Marshals.

**DATED** this ___29th___ day of November, 2007.


                        S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Criminal\1999\2067.Deny.Reconsideration.wpd

ORDER ~ 7